# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

DAVID WADE CANTRELL,     )
                                   )
          Plaintiff,         )     Case No. 4:25-cv-5
                                   )
v.                                )     Judge Travis R. McDonough
                                   )
LINCOLN COUNTY JAIL,      )     Magistrate Judge Christopher H. Steger
VICKY AFISOV, and          )
LINCOLN COUNTY JAIL STAFF,  )
                                   )
          Defendants.     )
                                   )

---

## MEMORANDUM OPINION

---

On February 5, 2025, Plaintiff, a prisoner housed in the Lincoln County Jail, filed a pro se complaint under 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). That same day, the Clerk mailed Plaintiff a Notice advising Plaintiff of his duty to keep the Court apprised of his address (Doc. 3), and an Order educating Plaintiff of various rules and guidelines applicable to his case (Doc. 4). On February 18, 2025, the Notice and Order were returned to the Court as undeliverable (Doc. 6).[1]

Local Rule 83.13 provides that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address[.]" E.D. Tenn. L.R. 83.13. That notification "must be accomplished by filing a Notice with the Clerk . . . within 14 days of the change of address." *Id.* More than fourteen (14) days

---

[1] A subsequent Order advising Plaintiff of a deficiency with his motion for leave to proceed *in forma pauperis* (Doc. 5) was returned to the Court on February 26, 2025 (Doc. 7).

have passed since the Notice and Order were returned to the Court, and Plaintiff has not updated his address of record or otherwise communicated with the Court.

Under Rule 41(b), the Court may dismiss an action where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported courts[.]" *Knoll v. AT&T Co*., 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc*., 420 F.3d 641, 643 (6th Cir. 2005)).

Applying these rules compels the Court to dismiss this action. Plaintiff has willfully failed to comply with the Local Rule 83.13.[2] And Plaintiff's failure to timely file a notice of change of address leaves the Court without any means to communicate with Plaintiff or move this case forward.

---

[2] "[P]ro se litigants are expected to know and follow the Court's rules." *Hardy v. Lansing Police Dep't*, No. 1:20-CV-1224, 2023 WL 7179139, at *2 (W.D. Mich. Nov. 1, 2023) (citations omitted); *Moralis v. Flageole*, No. 06–2034, 2007 WL 2893652, at *3 (C.D. Ill. Sept. 28, 2007) ("[P]ro se litigants are presumed to have full knowledge of applicable court rules and procedures.").

2

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with his duty to keep the Court apprised of his address.

Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) is deficient (*see* Doc. 5), and therefore, Plaintiff has failed to demonstrate that he is entitled to pauper status. Thus, his motion to proceed *in forma pauperis* (Doc. 1) is **DENIED**. Plaintiff is **ASSESSED**[3] the filing fee of $405.00, and this action will be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b) and Local Rule 83.13. *See Rodriguez*, 62 F.4th at 277; *see also* E.D. Tenn. L.R. 83.13.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis. See id.*

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[3] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint . . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

3